IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE ROYAL AHOLD N.V. SECURITIES AND ERISA LITIGATION | ) ) ) ) ) | Civil No. 1:03-MD-01539<br><br>ALL SECURITIES ACTIONS |

**UNITED STATES TRUST COMPANY,
NATIONAL ASSOCIATION'S OBJECTION TO
PLAINTIFFS' COUNSELS' REQUEST FOR AN AWARD OF ATTORNEYS' FEES**

United States Trust Company, National Association ("U.S. Trust") respectfully submits this limited objection to the Amended Settlement Agreement (the "Settlement Agreement") entered into by the parties on January 6, 2006. While U.S. Trust supports the overall Settlement Agreement that underlies Plaintiffs' Counsels' anticipated fee request, it objects to the 15% fee request as being excessive under the circumstances. In support of its limited objection, U.S. Trust would show as follows:

**SUMMARY OF OBJECTION**

1.   U.S. Trust, as independent fiduciary of Royal Ahold's pension plans, objects to Plaintiffs' counsels' anticipated fee request because a 15% fee recovery is excessive when compared with comparable securities class action lawsuit settlements.

**BACKGROUND INFORMATION**

2.   U.S. Trust has been engaged by Ahold USA, Inc. to act as an independent fiduciary and investment manager for: (i) the Ahold USA, Inc. 401(k) Savings Plan, (ii) the Ahold USA, Inc. 401(k) Savings Plan for Hourly Associates, (iii) the U.S. Foodservice, Inc. 401(k) Savings Plan, (iv) the Peapod Inc. 401(k) Savings Plan, (v) the Stop & Shop Supermarket Company 401(k) Plan; (vi) the Stop & Shop Supermarket Company 401(k) Plan for Eligible Bargaining Unit Employees; (vii) the Giant Food, Inc. 401(k) Savings Plan, and (viii) the Ahold

USA, Inc. 401(k) Savings Plan Master Trust (collectively, the "Ahold Plans" or the "Plans") in order to: (i) review the terms of the proposed settlement in this litigation; (ii) offer recommendations to the Plans as to their participation in the underlying settlement; and (iii) to the extent appropriate, lodge objections to specific settlement terms following completion of that review process. Our engagement effectively was a condition of the settlement, in that the Trustees are required to retain an independent fiduciary pursuant to U.S. Department of Labor Prohibited Transaction Class Exemption 2003-39, 68 Fed. Reg. 75632 (2003), to review and, if appropriate, object to the terms of the settlement here.

3. In exercising its responsibilities, U.S. Trust must act in accordance with fiduciary responsibility standards. In that respect, and particularly with regard to fee petition requests, our role is complementary to that of the judiciary: "a court has the fiduciary responsibility to ensure the settlement is fair and not the product of collusion, and that the class members' interests were represented." *Weiss v. Mercedes Benz of N. Am.,* 899 F.Supp. 1297, 1300 (D.N.J. 1995). "In setting a reasonable percentage of the fund to be awarded in a common fund case, the trial court acts as a fiduciary for the beneficiaries of the fund." *Brown v. Phillips Petroleum Co.,* 838 F.2d 451, 456 (10th Cit. 1988); *see also, Skelton v. General Motors Corp.,* 860 F.2d 250, 253 (7th Cir. 1988); *In re First Peoples Bank Shareholders Litigation,* 121 F.R.D. 219, 225 (D.N.J. 1988) (J. Simandle).

4. We do not approach this issue so much as an advocate, but rather as a fiduciary whose role it is to assess the fairness of the terms of the settlement. In that light, we recognize the achievement of Plaintiffs' Counsel in recovering $1.1 billion. We further believe that the settlement recovery even net of the requested fees, taking into account the facts and

circumstances, would be fair. Nevertheless, based on objective data, an objection to the anticipated fee request appears appropriate.

## OBJECTION, ARGUMENT, AND AUTHORITIES

I. **COMPARABLE SETTLEMENTS DO NOT SUPPORT A 15% FEE AWARD**

5. According to the Class Notice, counsel to the Lead Securities Plaintiffs intends to request that the Court award them 15% of the $1.1 billion Settlement Fund, plus $4.8 million in expense reimbursement. These amounts bring the total attorneys' fees and expense reimbursement being sought by Plaintiffs' counsel to $169.8 million. At the outset, U.S. Trust agrees with Plaintiffs' counsel that fee requests that seek a percentage of a settlement fund, as opposed to requests based on a "lodestar" calculation, are appropriate in litigation like that at issue here. The U.S. Supreme Court and several circuit courts have endorsed this "percentage-of-recovery method" in common fund cases, and courts in the Fourth Circuit are increasingly utilizing this method to calculate attorneys' fees. *Boeing Co. v. Van Gemert,* 444 U.S. 472 (1980); *In re Microstrategy, Inc. Securities Litig.*, 172 F. Supp. 2d 778, 786 (E.D. Va. 2001) (endorsing the percentage-of-recovery method as an appropriate method for calculating attorneys' fees); *Goldenberg v. Marriott PLP Corp.*, 33 F. Supp. 2d 434, 438 (D. Md. 1998) (noting endorsement of percentage-of-recovery method by several courts in the Fourth Circuit); *Strang v. JHM Mortgage Sec. Ltd. Partnership,* 890 F. Supp. 499, 503 (E.D. Va. 1995) ("[T]he percentage method is more efficient and less burdensome than the traditional lodestar method, and offers a more reasonable measure of compensation for common fund cases."). The percentage-of-recovery method is particularly appropriate where, as here, the settlement confers a substantial benefit on members of a class. *Boeing Co.*, 444 U.S. at 479. *See also Teague v. Bakker*, 213 F. Supp. 2d 571, 584 (W.D.N.C. 2002) ("[A]n award of attorneys' fees from a common fund depends on whether the attorneys' specific services benefited the fund – whether

they tended to create, increase, protect or preserve the fund."). That Plaintiffs' counsel is seeking a percentage of the overall Settlement as its compensation for prosecuting the lawsuit, and not a lodestar fee enhanced by a multiplier, is not objectionable.

6. U.S. Trust is concerned, however, with the magnitude -- 15% -- of the common fund expected to be requested by counsel. As Plaintiffs' counsel have not yet filed a formal motion for recovery of attorneys' fees, U.S. Trust has not been able to evaluate the reasonableness of their specific request. To merit a 15% fee award, however, counsel must demonstrate that the requested fee, not just the underlying settlement, is reasonable and fair under the circumstances. An important benchmark of reasonableness is typicality – that is, whether the proposed award is typical of awards granted to counsel by courts in similar cases. To determine typicality, reference to a 2005 National Economic Research Associates, Inc. ("NERA") study entitled "Recent Trends in Shareholder Class Action Litigation: Are Worldcom and Enron the New Standard?" provides some useful insight. That study concludes that, for settlements in excess of $100 million, a 19% recovery is average. Importantly, however, the study notes that, as settlement amounts increase, percentage fee recovery decreases.

7. U.S. Trust has evaluated counsel's request for attorneys' fees using an independent, case-based analysis. Drawing in part upon various research conducted by NERA, Cornerstone Research, and information available from the Securities Class Action Services (SCAS) database,[1] U.S. Trust has identified the largest ten securities class action settlements achieved within the past several years, in which counsel fees have been awarded (or requested) from a common settlement fund. The chart below identifies these settlements and identifies the

---

[1] Information from the SCAS database is available at http://scas.issproxy.com.

percentage fee awards granted by the courts following resolution of the underlying securities class actions:

|    | Company Name | Settlement Amount | % Attorneys' Fees Awards | Total Attorneys' Fees |
|----|---|---|---|---|
| 1  | ENRON | $7,100,000,000 | Pending | Pending[2] |
| 2. | WORLDCOM (CITIGROUP) | $6,100,000,000 | 5.5% | $335.5 million |
| 3  | CENDANT CORP. | $3,500,000,000 | 8.275% + expense reimbursement | $290.0 million[3] |
| 4  | AOL TIME WARNER | $2,500,000,000 | 7% + expense reimbursement up to $5.6 million | $180.6 million |
| 5  | NORTEL NETWORKS | $2,400,000,000 | Pending | Pending[4] |
| 6  | **ROYAL AHOLD** | **$1,100,000,000** | **15% + expense reimbursement** | **$165.0 million** |
| 7  | IPO SECURITIES LITIGATION | $1,000,000,000 | 33⅓% + expense reimbursement | $371.0 million[5] |
| 8  | MCKESSON HBOC | $960,000,000 | 7.8% + expense reimbursement up to $6 million | $134.9 million |
| 9  | LUCENT TECHNOLOGIES | $673,000,000 | 19% | $127.9 million |
| 10 | QWEST | $400,000,000 | 24% + expense reimbursement of $2.2 million | $98.2 million |

---

[2] In the Notice of Pendency and Partial Settlements of Class Action filed in the Enron securities litigation (the "Enron Class Notice"), the plaintiffs merely state that attorneys fees will be sought at a later time. The Enron Class Notice does provide, however, for the creation of two different expense reimbursement funds totaling $60 million. This $60 million will be allocated to the attorneys in addition to any percentage recovery to be paid to the attorneys based on the gross settlement amount of $7.1 billion.

[3] On appeal, the Third Circuit Court of Appeals ordered this attorneys' fees award reduced by an unspecified amount. Objectors had argued, among other things, that the case had been relatively easy to prove and that the award would pay lawyers at least 45 times their usual rates.

[4] As of the date of this filing, U.S. Trust was not able to ascertain from publicly available data the amount of fees requested in the Nortel Networks settlement.

[5] U.S. Trust was unable to ascertain from publicly available data whether the IPO Securities Litigation $371 million fee request was approved by the court. As such, it is not clear whether the 33 1/3% fee request is a useful source of comparison.

8.      In those cases where data is available for settlements in excess of $1 billion, all cases (with the exception of one) awarded attorneys' fees less than 10%. As reflected in the above chart: (1) McKesson settled for $960 million (7.8% fee award), (2) AOL settled for $2.5 billion (7% fee award), (3) Cendant Corp settled for $3.5 billion (8.275% fee award), and WorldCom settled for $6.1 billion (5.5% fee award). We were not able to find data for Enron settlements (totaling $7.1 billion) or Nortel Networks (settled for $2.4 billion). One settlement, IPO Securities settled for $1 billion, and appears to have awarded a fee of 33%, or $371 million, although it is not clear if that is merely the request or the amount awarded by the Court.

9.      A recent NERA review of class action settlements in analogous securities fraud actions lends further support to the conclusion that a 15% fee award here might be excessive. In a July 2005 publication entitled "Recent Trends in Shareholder Class Action Litigation: Are WorldCom and Enron the New Standard?," NERA undertakes a comprehensive review of shareholder class action settlement data from the 1990s through the early months of 2005. *See* Ex. 1, NERA Study. As part of its study, NERA addresses counsel fee awards in shareholder lawsuit settlements. *Id.* p. 7. What NERA discovered is that a demonstrable, inverse relationship exists between settlement amounts and judicially-sanctioned fee awards. The settlement data presented above supports NERA's conclusion. The fact that fee percentages in analogous shareholder cases decline as settlement amounts increase lends additional support to U.S. Trust's conclusion that an award request of the size requested by Plaintiffs' counsel is excessive. In NERA's words, "fee percentages are lower for cases with larger settlements."

## CONCLUSION

Based on the foregoing, U.S. Trust objects to Plaintiffs' counsels' request for recovery of attorneys' fees in the amount of 15% of the $1.1 billion settlement.

Respectfully Submitted,

MILLER, MILLER & CANBY


By: _____/s/_____
Maury S. Epner, Fed. Bar No. 08814
200-B Monroe Street
Rockville, Maryland 20850
Telephone: (301) 738-2048
E-mail: msepner@mmcanby.com

**COUNSEL FOR UNITED STATES TRUST COMPANY, NATIONAL ASSOCIATION**

Of Counsel:
Mike Stenglein, Esq.
DEWEY BALLANTINE LLP
700 Louisiana, Suite 2050
Houston, Texas 77002
Telephone: (713) 445-1500
Facsimile: (713) 445-1533
mstenglein@deweyballantine.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of United States Trust Company, National Association's Objection to Plaintiffs' Counsels' Request for an Award of Attorneys' Fees was served to all counsel of record on May 12, 2006, via electronic filing.


\_\_/s/_____
Maury S. Epner