UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

-----------------------------------------------------------x

Civil No.: 1:03-MD-01539

IN RE ROYAL AHOLD N.V.
SECURITIES & ERISA LITIGATION

ALL SECURITIES ACTIONS

-----------------------------------------------------------x

## FINAL JUDGMENT AND ORDER OF DISMISSAL

On June 16, 2006, a hearing (the "Settlement Fairness Hearing") having been held before

this Court to determine:  (i) whether the Action satisfies the applicable prerequisites for class

action treatment and certification of the Class under Fed. R. Civ. P. 23(a) and (b)(3) for

settlement purposes only; (ii) whether the proposed Settlement is fair, reasonable and adequate

for the settlement of all claims asserted by the Lead Plaintiffs on behalf of all Class Members

against the Specified Defendants in the Consolidated Amended Securities Class Action

Complaint (the "Complaint") in the Action now pending in this Court under the above caption;

(iii) whether the Plan of Allocation of the Net Settlement Fund is fair, reasonable and adequate;

(iv) whether the Notice and related documents and the Notice Plan constituted the best notice

practicable under the circumstances; and (v) whether a judgment should be entered dismissing

the Action and extinguishing the Released Claims as against the Specified Defendants with

prejudice.

And it appearing that the Notice, the Proof of Claim and Waiver and Release (the "Proof

of Claim"), the Plan of Allocation and related documents substantially in the forms approved by

the Court were mailed in numerous different countries and different languages to all reasonably

identifiable persons and entities ("Class Members") who purchased and/or received as dividends

Royal Ahold N.V. common shares and/or American Depository Receipts ("ADRs") from July 30,

1999 through February 23, 2003 (the "Class Period"), except those Persons who are excluded from the definition of the Class, as shown by the records of Ahold and as further identified through the posting of such documents on certain websites, including www.AholdSettlement.com and www.Entwistle-Law.com, the mailing of the Notice, the Proof of Claim, the Plan of Allocation and related documents, pursuant to the Notice Plan and the earlier order of the Court;

And it appearing that the Summary Notice substantially in the form approved by the Court was published in numerous different countries and different languages in accordance with the Notice Plan and pursuant to the earlier Order of the Court;

And the Court having reviewed the submissions of the Notice Administrator and Claims Administrator concerning the implementation of the Notice Plan;

And the Court, having considered any and all Class Members' objections to the Settlement and the Plan of Allocation, as identified on Schedule A hereto;

And the Court, having considered all matters submitted to it before and during the Settlement Fairness Hearing, and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims in the Action of the Class Members against the Specified Defendants;

## NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. To the extent not otherwise defined herein, all capitalized terms shall have the same meaning as used in the Settlement Agreement dated November 27, 2005 as amended on January 6, 2006 (the "Agreement") and/or in the Court's prior Order preliminarily approving the Settlement. To the extent that the terms of this Order and Final Judgment conflict with the terms of the Agreement, the terms of this Order and Final Judgment shall govern.

2.      The Court has jurisdiction over the subject matter of this Action and over all parties to the Settlement, including all Class Members and all Specified Defendants.

3.      All objections to the Settlement are **DENIED**.

4.      Solely for the purposes of the Settlement, the Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that:  (i) the Class Members are so numerous that joinder of all Class Members is impracticable; (ii) there are questions of law and fact common to the Members of the Class; (iii) the claims of the Lead Plaintiffs and the other Proposed Class Representatives are typical of the claims of the Members of the Class; (iv) Lead Plaintiffs and the other Proposed Class Representatives will fairly and adequately represent the interests of the Class; (v) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual Class Members; and (vi) certifying the Class in this Action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Fed. R. Civ. P. 23, the Court appoints:  Lead Plaintiff COPERA as a class representative for all purposes; Lead Plaintiff Generic Trading as a class representative for ADR purchasers; Itzehoer Aktien Club GbR ("IAC") as an additional class representative for non-United States domiciled members of the Class; Union Asset Management Holding AG ("Union") as an additional class representative for Class Members who purchased shares in the September 2001 Global Offering; and Deka Investment GmbH ("Deka") as an additional class representative for Class Members who purchased shares in the September 2001 Global Offering (collectively, the "Class Representatives"), as representatives of the Class for the purposes of the Settlement.  Pursuant to Rule 23(g), the Court appoints Entwistle & Cappucci, LLP as counsel

3

for the class ("Class Counsel").  Notice of this Order certifying the Class for the purposes of the Settlement shall be provided to all members of the Class, as detailed below.

6.      Subject to this Order and Final Judgment, the Settlement set forth in the Agreement is hereby **APPROVED** as fair, reasonable and adequate, and in the best interests of the Class Members.  The parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Agreement.

7.      The Complaint's claims against the Specified Defendants are hereby dismissed without costs and with prejudice.  As to the Specified Defendants, the Court finds the Complaint was filed, prosecuted and defended on a good faith basis in accordance with the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil Procedure.

8.      As of the Effective Date, defined below, the Released Claims against each and all of the Specified Defendants are fully, finally and forever compromised, settled, extinguished, dismissed, discharged, waived, and released with prejudice, and without costs.  This Order and Final Judgment fully, finally and forever compromises, settles, extinguishes, dismisses, discharges, waives, and releases with prejudice the Released Claims, whether or not a Class Member submits a Proof of Claim or otherwise shares in the Net Settlement Fund.

9.      As of the Effective Date, each and every Class Member is forever barred and enjoined from seeking to establish liability, soliciting or assisting non-parties to bring claims based upon, relating to, or arising out of the Released Claims and/or the transactions and occurrences referred to in the Complaint, as amended, or in any other pleadings filed in the Action (including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated) in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, against any of the Specified Defendants.  Any

4

Class Member that breaches this covenant not to sue shall be liable to Ahold and/or any other Specified Defendant sued for any and all claims, damages, costs (including the cost of investigation, attorneys' fees, and any other costs and expenses) relating to the breach of this covenant not to sue.

10.    Upon the Effective Date, each and every Class Member expressly waives and fully, finally, and forever settles and releases, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  Such waiver and release shall include any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which reads:

> Certain Claims Not Affected by General Release. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code.  The amount of any verdict or judgment collectable by any Person against Deloitte in connection with the Action or any legal proceedings regarding matters in any way related to the Released Claims shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the Specified Defendants and that corresponds to any claims possessed by Deloitte against any of the Specified Defendants barred pursuant to paragraph 11 below; or (ii) $1,100,000,000, the amount being paid pursuant to the Agreement, and the amount that corresponds to any claims possessed by Deloitte against any of the Specified Defendants barred pursuant to paragraph 11 below.  Each Class Member shall require, as a condition of any

settlement of any claim they may have or may obtain in the future against Deloitte, a full and

final release and discharge of any claim that Deloitte may have or may ever have against Ahold

or the Specified Defendants relating in any way to the Released Claims, including any claim for

attorneys' fees or costs.

11.a.   Except for Royal Ahold and U.S. Foodservice, Inc., every Person (including

Deloitte) is permanently and forever barred and enjoined from filing, commencing, instituting,

prosecuting or maintaining, either directly, indirectly, representatively, or in any other capacity,

in this Court, or in any other federal, foreign, state or local court, forum or tribunal, any claim,

counterclaim, cross-claim, third-party claim or other actions based upon, relating to, or arising

out of the Released Claims and/or the transactions and occurrences referred to in Plaintiffs'

Complaints, as amended, or in any other pleadings filed in this action (including, without

limitation, any claim or action seeking indemnification and/or contribution, however

denominated) against any of the Specified Defendants, whether such claims are legal or

equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or

unaccrued, or are asserted under federal, foreign, state, local or common law and all such claims

are permanently and completely discharged.  Each of the Specified Defendants likewise shall be

barred from making similar claims against Deloitte.

b.   Paragraph 11.a. does not apply to (i) any actions or claims which have

been or in the future may be asserted by James L. Miller, Cees van der Hoeven, Michiel Meurs,

Henny de Ruiter, Cor Boonstra, Mark Kaiser, Michael Resnick, Tim Lee, Robert G. Tobin,

William J. Grize, Roland Fahlin and Jan G. Andreae for compensation or benefits arising from

their employment or their separation from employment, or for indemnification and/or

advancement of legal costs and expenses, (ii) any claims of contribution that could be asserted

6

between Royal Ahold and U.S. Foodservice.

      c.     Paragraph 11.a. shall not affect any Specified Defendant's right to assert defenses to any claim by (i) any Person not barred by the terms of this Order and Final Judgment; or (ii) Royal Ahold and/or U.S. Foodservice, except that such Specified Defendants may not raise any defense that a claim by Royal Ahold and/or U.S. Foodservice is barred by any provision of the Private Securities Litigation Reform Act of 1995.

      d.     Paragraph 11.a. shall not bar claims by the Underwriters for indemnification against Royal Ahold under the terms of any underwriting agreement for claims arising out of underwriting activities to the extent that such claims are not barred by the terms of this Order and Final Judgment.

      12.     Except as against Deloitte, nothing in this Order shall be construed to release, compromise, settle, extinguish, dismiss, discharge, or waive any claims, defenses, or rights that Royal Ahold and U.S. Foodservice, Inc. may have against Specified Defendants, Original Defendants, Class Members or any other person.

      13.     Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement:

      a.     shall be offered or received against any of the Specified Defendants as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any Specified Defendant of the truth of any fact alleged by Lead Plaintiffs on behalf of the Class or the validity of any claim that had been or could have been asserted in the Action, or the deficiency of any defense that had been or could have been asserted in the Action, or of any liability, negligence, fault, or wrongdoing of any of the Specified Defendants;

      b.      shall be deemed to be or used as an admission of any liability, negligence, fault or wrongdoing of any of the Specified Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, including any Foreign Proceeding, as set forth in paragraph 23 of the Agreement;

      c.      shall be construed against any of the Specified Defendants or the Lead Plaintiffs or any Class Member as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been awarded to Lead Plaintiffs or the Class Members after trial; or

      d.      shall be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs or any Class Member that any of their claims are without merit or that damages recoverable for the claims against the Specified Defendants in the Complaint would not have exceeded the amount of the Settlement Fund.

14.      This Court hereby retains exclusive jurisdiction over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement, the Agreement, and this Order and Final Judgment.

15.      Notwithstanding the provisions of section 13(d) of the Agreement, to the extent the Court permits the Action to continue against Deloitte, the Plaintiffs and Deloitte do not waive the right to seek discovery against the Specified Defendants and the Specified Defendants maintain and preserve all objections and defenses to any such discovery sought.

16.      The Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the motions for approval of Lead Plaintiffs' Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses.  However,

there shall be no distribution of any portion of the Net Settlement Fund to any Class Member until the Plan of Allocation is finally approved and the Order and Final Judgment is finally affirmed on appeal or the time for any petition for reargument, appeal, or review, by *certiorari* or otherwise, has expired.

17.     The Court hereby finds that the Notice and Notice Plan described herein and in the Order dated January 9, 2006 provided Class Members with the best notice practicable under the circumstances.  The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.  The Notice provided Class Members with a full opportunity to object to the Settlement and to participate in the Settlement Fairness Hearing, and provided Class Members with a full opportunity to request exclusion from the Class, if done so timely and properly.

18.     In the event this Order and Final Judgment does not become final for any reason, then the rights and obligations set forth in the Agreement shall be rendered null and void.  The proceeds of the Settlement Fund already paid as of the date that this Order and Final Judgment fails to become final, including any and all interest earned thereon (less all amounts expended pursuant to paragraphs 11 and 15 of the Agreement), shall be returned to Royal Ahold within three (3) business days of notice to all parties to the Agreement that the Order and Final Judgment failed to become final.  In the event the Settlement Agreement is cancelled and terminated or the Order and Final Judgment does not become final, the parties to the Agreement shall be deemed to have reverted *nunc pro tunc* to their respective status as of November 28, 2005, and shall proceed in all respects as if the Agreement and related documents had not been

9

executed and without prejudice in any way from the negotiation, fact or terms of the Agreement. The Agreement and the Settlement, and all of the negotiations, discussions and statements with respect thereto, shall be inadmissible in the Action for all purposes and shall not entitle any party to the Agreement to recover costs incurred in connection with the efforts to implement the Agreement and/or to effectuate the Settlement.

19.     There is no just reason for delay in the entry of this Order and Final Judgment in the Action as to the Class Members' claims against the Specified Defendants, and immediate entry by the Clerk of the Court is expressly directed.     Nothing herein shall be deemed to waive, compromise or otherwise affect Royal Ahold's right to payment from the Settlement Fund with respect to Foreign Proceeding Shares, as set forth in paragraph 23 of the Agreement.

20.     Definitions.     For the purposes of this Judgment, the following definitions apply. (Other defined terms have the meanings given in the Amended Settlement Agreement and/or in the Court's prior Order dated January 9, 2006.)

a.     "Action" means the securities action captioned, *In re Royal Ahold N.V. Securities & ERISA Litigation,* Civil No. 1:03-MD-01539, pending in the United States District Court for the District of Maryland, a multidistrict consolidated class action, and each class action brought on behalf of Royal Ahold N.V. investors alleging claims under the securities laws of the United States consolidated therein.

b.     "Ahold" means Royal Ahold N.V., Ahold USA, Inc., Ahold USA Holdings, Inc., U.S. Foodservice, Inc., Stop & Shop Supermarket Company, Giant Food, Inc. (Landover), Giant Food, Inc. (Carlisle), Tops Markets, LLC, Bi-Lo, LLC, Bruno's Supermarkets, Inc., Peapod, Inc., Ahold U.S.A. Support Services, Inc., Jeronimo Martins Retail Services AG, ICA Ahold AB, Disco S.A., Santa Isabel, S.A., Bompreco S.A., Disco Ahold International

Holdings N.V. JMR, Paiz Ahold N.V. and any of their immediate families, parent entities, associates, joint ventures, affiliates or subsidiaries, and each and all of their respective past or present officers, directors, certificate holders, representatives, employees, employers, attorneys, financial or investment advisors, consultants, accountants, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns, and any of their respective employees, agents, affiliates, or controlling persons other than Deloitte (defined below).

      c.      The "Class" means all persons and entities who purchased and/or received as dividends Royal Ahold N.V. common shares and/or American Depository Receipts from July 30, 1999 through February 23, 2003. Excluded from the Class are the Original Defendants. Also excluded from the Class are all the Persons listed on Schedule B hereto, each of whom timely filed a valid Request for Exclusion.

      d.      "Class Member" means any Person included in the definition of the Class as defined herein.

      e.      "Deloitte" means Deloitte U.S. and Deloitte Netherlands.

      f.      "Deloitte Netherlands" means Deloitte & Touche Accountants and any of its partners, employees, parent entities, associates, joint ventures, affiliates or subsidiaries, and each and all of their respective past or present officers, directors, certificate holders, representatives, employees, employers, attorneys financial or investment advisors, consultants, accountants, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns, and any of their respective employees, agents, affiliates, or controlling persons.

g.     "Deloitte U.S." means Deloitte & Touche LLP and any of its partners, employees, parent entities, associates, joint ventures, affiliates or subsidiaries, and each and all of their respective past or present officers, directors, certificate holders, representatives, employees, employers, attorneys financial or investment advisors, consultants, accountants, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns, and any of their respective employees, agents, affiliates, or controlling persons.

h.     "Effective Date" means the first day following the date on which the Judgment is finally affirmed on appeal or the time for any petition for reargument, appeal or review, by *certiorari* or otherwise, has expired.

i.     "Order and Final Judgment" means this document, the Final Judgment and Order of Dismissal, which finally approves the Settlement as fair, reasonable and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, dismisses the Action against all of the Specified Defendants without costs and with prejudice, releases all Released Claims as against all of the Specified Defendants and enjoins the Class Members from instituting, continuing or prosecuting any action asserting any Released Claim against any of the Specified Defendants.

j.     The "Original Defendants" means Royal Ahold N.V., Ahold USA, Inc., Ahold USA Holdings, Inc., U.S. Foodservice, Inc., Cees Van der Hoeven, Michiel Meurs, Henny de Ruiter, Cor Boonstra, James L. Miller, Mark Kaiser, Michael Resnick, Tim Lee, Robert G. Tobin, William J. Grize, Roland Fahlin, Jan G. Andreae, ABN AMRO Bank N.V., ABN AMRO Rothschild, ABN AMRO Holding, N.V., The Goldman Sachs Group, Inc., Goldman Sachs International, Goldman, Sachs & Co., Merrill Lynch & Co., Inc., Merrill Lynch International,

Merrill Lynch, Pierce, Fenner & Smith, ING Bank, ING Groep N.V., ING Bank N.V., ING U.S. Financial Services, Rabo Securities N.V., Rabobank International, Rabobank Nederland, Robeco Group, Kempen & Co., N.V., Kempen & Co. Corporate Finance, Kempen & Co. Securities, Deloitte & Touche LLP, and Deloitte & Touche Accountants.

        k.       "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government entity or any political subdivision or agency thereof, and any business or legal entity; with respect to individually owned businesses, each of their spouses, heirs, predecessors, successors, representatives or assigns, and with respect to corporate entities, each of their parents, subsidiaries, affiliates, assignees, predecessors, successors, officers, directors, employees, agents, and attorneys.

        l.       "Released Claims" means the Action and any and all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or not suspected, disclosed or undisclosed, hidden or concealed, matured or not matured, that (i) have been, or in the future could be asserted in the Action or in any federal, state, local or foreign court, tribunal, or proceeding (including, but not limited to, any claims relating, concerning or arising under foreign, federal, state or local law, rule or regulation or otherwise relating to alleged fraud, breach of duty, of violations of the federal securities laws, the Employee Retirement Income Security Act of 1974, the Racketeering Influence and Corrupt Organizations Act or otherwise) from the beginning of time to the Effective Date, by or on behalf of any Class Member, whether individual, class, legal or equitable, against the Specified Defendants, or (ii) could have been asserted in the Action or any other foreign, federal, state or

local forum by the Class Members or any of them against any of the Specified Defendants, which arise out of, are based upon, or are related in any way to the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Action, or are based upon or relate in any way to Ahold securities, including American Depository Receipts purchased from March 10, 1998 through February 23, 2003. Released Claims shall not include the right of any Specified Defendant or any Class Member to enforce the terms of the Agreement.

      m.     "Specified Defendants" means jointly and severally "Ahold" as defined herein, and notwithstanding any repetition, Ahold USA, Inc., Ahold USA Holdings, Inc., U.S. Foodservice, Inc., Cees Van der Hoeven, Michiel Meurs, Henny de Ruiter, Cor Boonstra, James L. Miller, Mark Kaiser, Michael Resnick, Tim Lee, Robert G. Tobin, William J. Grize, Roland Fahlin, Jan G. Andreae, ABN AMRO Rothschild, ABN AMRO Holding N.V., ABN AMRO Bank N.V., The Goldman Sachs Group, Inc., Goldman Sachs International, Goldman, Sachs & Co, Merrill Lynch & Co., Inc., Merrill Lynch International, Merrill Lynch, Pierce, Fenner & Smith Inc., ING Bank, ING Groep N.V., ING Bank N.V., ING U.S. Financial Services, Rabo Securities N.V., Rabobank International, Rabobank Nederland, Rabobank, Robeco Group, Kempen & Co. N.V., Kempen & Co. Corporate Finance, Kempen & Co. Securities and any other party that could have been named as a defendant in the Action, except Deloitte (collectively, the "Defendants") and each and all of Defendants' immediate families, parent entities, associates, joint ventures, affiliates or subsidiaries, and each and all of their respective past or present officers, directors, certificate holders, shareholders, representatives, employees, employers, attorneys, financial or investment advisors, consultants, accountants, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives,

estates, administrators, predecessors, successors and assigns, and any of their respective employees, agents, affiliates, or controlling persons, other than Deloitte.

n.     "Underwriters" means ABN AMRO Bank N.V., ABN AMRO Rothschild, ABN AMRO Holding, N.V., The Goldman Sachs Group, Inc., Goldman Sachs International, Goldman Sachs & Co., Merrill Lynch & Co., Inc., Merrill Lynch International, Merrill Lynch, Pierce, Fenner & Smith, ING Bank, ING Groep N.V., ING Bank N.V., ING U.S. Financial Services, Rabo Securities N.V., Rabobank International, Rabobank Nederland, Robeco Group, Kempen & Co., N.V., Kempen & Co. Corporate Finance and Kempen & Co. Securities.

DATED:

June 16, 2006                    _____/s/_____  *CCB*

HON. CATHERINE C. BLAKE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

## SCHEDULE A

Objections Considered:

1.  March 27, 2006 Letter objection of Linda Tsai (Docket No. 715) and Objection to Class Action Settlement and Request for Attorneys= Fees filed by John J. Pentz, Esq. on May 3, 2006 on behalf of Ms. Tsai (Docket No. 722);

2.  May 7, 2006 Letter from Paul P.J. Butzelaar (Docket No. 740);

3.  May 17, 2006 Letter of Drs. W.C.M. Oud (Docket No. 742);

4.  January 24, 2006 Letter on behalf of Nijsten Management, Beheer en Advies B.V. (Docket No. 746, Exhibit A); and

5.  May 10, 2006 Letter of Conard Fabienne (Docket No. 746, Exhibit B).

## SCHEDULE B

Timely Filed Valid Requests for Exclusion:

1. Gisela Hallermann

2. J.P. Bakker

3. A.A.A. Van Roy

4. Henk M. Fierinck

5. Paul P.J. Butzelaar

6. Edzard van Citters

7. L.C.M. Jurgens

8. Stichting Pensioenfonds TDV